DAVID R. ROSENFIELD ET AL. (THE AMERICAN SUGAR
REFINING COMPANY) vs. THE CONNECTICUT FRUIT
AND COMMISSION COMPANY.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and WEBB, JS.

Under contracts for the purchase and sale of merchandise, which were
treated by the parties as still open and executory at the time a
receiver for the corporate buyer was appointed, the seller is not
required thereafter to offer delivery either to the receiver or to the
buyer. The receiver is not a party to the contracts unless and
until he elects to become such by adopting them for the benefit of
the estate; and if he does so elect, it becomes his duty to make the
first move by so notifying the seller.
The findings of fact bearing on the conduct of the parties in the present
case reviewed, and the action of the trial court in treating all the
contracts on the same basis as open and in full force at the time
of the receiver's appointment, upheld.
Ordinarily the appointment of a receiver for a corporation operates
as a breach of its open, executory contracts, which entitles the
other parties to file and prove claims for damages in the receiver-
ship proceedings.

Argued October 31st, 1922—decided March 1st, 1923.

APPLICATION in receivership proceedings by the
American Sugar Refining Company, an alleged creditor
of the defendant, for the allowance of its claim of
$37,653, brought to and tried by the Superior Court in
New Haven County, Keeler, J.; facts found and judg-
ment rendered disallowing the claim in excess of $16,028,
and appeal by the Sugar Company. Error; cause re-
manded with direction to allow the claim.

The defendant corporation and the claimant entered
into five contracts for the purchase and sale of sugar:
250 bbls. or equivalent, at the basing price of 22½
cents, delivery to be made during August, 1920, or as
soon thereafter as possible; two contracts for 115 bbls.

each, or equivalent, at the basing price of $22\frac{1}{2}$ cents, delivery to be made during September, 1920, or as soon thereafter as possible; 115 bbls. or equivalent, at the basing price of 17 cents, delivery to be made during February, 1921, or as soon thereafter as possible; and 115 bbls. or equivalent, at the basing price of 17 cents, to be delivered during March, 1921, or as soon thereafter as possible. Each of these contracts called for assortments to be furnished to seller by buyer before the first day of the month of delivery, subject to such substitutions as the seller might find it necessary to make; and in the event of failure to furnish assortment promptly, seller reserves right to ship available grades. Assortments were furnished under each contract except that for March delivery.

On August 12th, 1920, the defendant requested the plaintiff not to ship any sugars before October 15th. On August 13th it requested the claimant to cancel all orders. This the claimant refused to do, and informed the defendant that it would insist that the defendant accept all sugars contracted for. On January 24th, 1921, the defendant furnished and the claimant accepted an assortment of sugars under the contract for February delivery. On February 5th, 1921, this action for a dissolution of the defendant corporation was commenced and a temporary receiver appointed. The appointment was made permanent on March 11th, 1921, and under order of court the receiver continued to carry on the business formerly conducted by the defendant until May 5th, 1921. No sugar was ever shipped under any of these contracts and the claimant never offered to ship any; but it at all times urged and insisted that the defendant must accept all the sugar contracted for. Neither the defendant nor the receiver has ever refused to perform the contracts. Within the time limited the claimant presented its claim for

damages for a breach of the five contracts, based on the difference between the contract price under each contract and the market price on the last day of the month of delivery named in such contract; the total claim being for $37,653.67.

The claim was disallowed by the receiver, and the claimant's application for allowance denied by the Superior Court.

*Alvan Waldo Hyde,* for the appellant (The American Sugar Refining Company).

*Philip Pond* and *Solomon Levenstein,* for the appellee (Receiver of the defendant).

BEACH, J. The claimant's application to the Superior Court for allowance of its claim was denied on the ground, as stated in the memorandum of decision, that there had been no anticipatory breach of any of the contracts before the appointment of the receiver, and that therefore claimant was bound to perform or offer to perform, by making or tendering delivery, before it could put the defendant or the receiver in the wrong. The findings of fact bearing on the conduct of the parties have been stated, and they justify the comment of the trial court that because of the chaotic condition of the market in the late summer and early fall of 1920, both parties appear to have felt that indefiniteness of claim was the best policy.

It is clear, however, that after the unsuccessful attempt of the defendant, in August, 1920, to induce the claimant to consent to a cancellation of the contracts, both parties treated them as open contracts, postponed in performance but continuing in force. In this connection it is to be observed that none of these contracts is expressly limited in time of performance

to the month specified for delivery. The phrase "or as soon thereafter as possible" admits of a somewhat indefinite extension of the time for delivery, and the parties seem to have put that practical construction on it; the claimant by insisting at all times that the defendant must accept, and the defendant by never refusing to perform. There is nothing in the record which suggests that the defendant ever claimed that the contracts for August and September delivery, or as soon thereafter as possible, had expired by limitation of time before the receiver was appointed. Whether the defendant could successfully make such a claim while its assortments under the contracts remained unrevoked, is a question we need not answer. On this state of the facts, we think the trial court was right in making no distinction between the contracts, and in treating all of them on the same basis as open executory contracts at the date of the receivership.

Such being the status of the contracts when the receiver was appointed, the claimant was not required thereafter to offer delivery either to the receiver or to the defendant. Under the contract for March delivery no delivery was then possible, for the time had not yet arrived. Aside from that, the defendant had no right to demand performance by the receiver. He was not a party to the contracts, unless and until he elected to make himself a party by adopting them for the benefit of the estate; and if he had elected to do so, it would have been his duty to make the first move by so notifying the claimant. Nor was the claimant bound to offer performance to the defendant, for the receivership had totally disabled the defendant from performance, and the offer would have been futile.

On the merits the case is controlled by *Napier* v. *Peoples Stores Co., ante,* p. 414, 120 Atl. 295, in which we have held that a receivership of a corporation

operates as a breach of its open executory contracts, which entitles the other parties to file and prove claims for damages for the breach.

There is error, the judgment is set aside, and the cause remanded with direction to allow the claim.

In this opinion the other judges concurred, except WEBB, J., who dissented.